UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES BRADLEY KIRTLEY,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No.  1:19-cv-01062-EPG

ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

(ECF No. 32)

Before the Court is a motion filed by John Metsker, counsel for Plaintiff James Bradley Kirtley ("Plaintiff"), requesting an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 32.) For the following reasons, the motion for an award of attorney's fees is GRANTED in the amount of $16,109.33. Plaintiff's counsel shall reimburse Plaintiff for the $10,000.00 in fees and $400.00 in costs previously awarded pursuant to the Equal Access to Justice Act ("EAJA"). (*See* ECF No. 31.)

## I.    BACKGROUND

Plaintiff brought the underlying action seeking judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.)

///

1

On May 8, 2020, Plaintiff filed his opening brief. (ECF No. 19.) The Commissioner filed a responsive brief on June 22, 2020. (ECF No. 22.) The Court held a hearing on the matter on September 1, 2020, and entered an order on October 5, 2020, remanding the case with instructions to award benefits to the date Plaintiff attained age 50. (ECF Nos. 26, 28.) The Court further ordered:

> As to the approximately four months between the date last insured and the date on which Plaintiff attained the age of 50, the ALJ is directed to consider whether the borderline age rule should be applied to Plaintiff and, if so, whether application of that rule would result in a finding that Plaintiff was disabled during the period between the date he was last insured and the date he attained the age of 50.

(ECF No. 28 at 16.) The Clerk of Court entered judgment pursuant to the Court's order on October 5, 2020. (ECF No. 29.)

On December 23, 2020, the parties filed a stipulation for an award of $10,000.00 in attorneys' fees and $400.00 in costs under EAJA. (ECF No. 30.) The Court entered an order approving the stipulation on January 4, 2021. (ECF No. 31.)

On September 22, 2021, Plaintiff's counsel file the underlying motion seeking attorneys' fees in the amount of $16,109.33 pursuant to 42 U.S.C. § 406(b), with a credit to Plaintiff for the EAJA fees previously awarded. (ECF No. 32.) Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (ECF No. 33.) On October 1, 2021, the Commissioner filed a response to the motion neither assenting nor objecting to the requested fees. (ECF No. 34.) On October 18, 2021, the Court directed the parties to file a joint statement setting forth the total amount of past-due benefits awarded to Plaintiff. (ECF No. 35.) On October 22, 2021, the parties filed a joint statement confirming that the total past-due DIB benefits awarded to Plaintiff was $104,893.00. (ECF No. 36.) Plaintiff has not filed an objection or any other response to the motion.

## II.     DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess*

2

*of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . .

certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the section 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25 percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a

3

contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and Plaintiff's counsel, which is signed by Plaintiff, provides:

> The federal court attorneys' fee for representation in my disability claim(s) shall be the **GREATER** of the following:
> 1) **25% (twenty-five percent)** of the past-due benefits resulting from my claim or claims, **OR**
> 2) The amount of any award ordered pursuant to the Equal Access to Justice Act (EAJA) for the hours expended in pursuit of my claim(s) against the Social Security Administration.

(ECF No. 32-1 at 1.)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. Plaintiff's counsel represents that he spent a total of 56.4 hours of attorney time representing Plaintiff in this matter. (ECF Nos. 32-2 at 1-2, 32-4 at 2.) Counsel ultimately gained a favorable decision in that the case was remanded to an Administrative Law Judge with instructions to award benefits in part to Plaintiff. (ECF No. 28.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $16,109.33, which results in an average hourly rate for attorney time of approximately $285.63. The Ninth Circuit has found similar—and in many cases, higher—effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social

security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Further, although 25 percent of Plaintiff's past-due benefits totals $26,223.25, Plaintiff's counsel requests an award of only $16,109.33. (ECF No. 32 at 3.) The notice of award that Plaintiff received cautioned that the amounts awarded may be reduced if Plaintiff received SSI for the relevant period. (*Id.* at 3-4.) Plaintiff's counsel never received a letter calculating the SSI offset, and has based his fee request on the maximum potential SSI offset using calculations most favorable to Plaintiff. (*Id.* at 4.) Plaintiff's counsel has calculated the maximum amount of SSI payments that Plaintiff could have received based on the maximum individual SSI rates published on the Social Security Administration's website, resulting in a total of $40,455.68. (*Id.* at 4-5.) Plaintiff's counsel subtracted this amount from the $104,893.00 in DIB awards, yielding $64,437.32. (*Id.*) According to Plaintiff's counsel, "[t]his amount represents the minimum possible RSDI back pay, as it is based upon the maximum potential SSI offset during the relevant period." (*Id.* at 5.) The $16,109.33 in attorneys' fees sought in the motion represents 25 percent of $64,437.32. (*Id.*)

Having reviewed the motion, the Court finds that the amount of fees sought does not exceed 25 percent of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting section 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting section 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting section 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011), *adopted by* 2011 WL 841363 (recommending an award of section 406(b) attorney fees in the amount of $34,500.00).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to

represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to section 406(b) in the amount of $16,109.33 is therefore appropriate. An award of section 406(b) fees, however, must be offset by any prior award granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $10,000.00 in fees and $400.00 in costs pursuant to EAJA. As such, the section 406(b) award will be offset by $10,400.00 for a net award of $5,709.33.[1]

## III.   CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED:

1.   Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 32) in the amount of $16,109.33 is GRANTED;

2.   Plaintiff's counsel is ordered to reimburse Plaintiff $10,400.00 for the EAJA fees and costs previously awarded pursuant to 28 U.S.C. § 2412; and

///

///

///

///

///

---

[1] Plaintiff's counsel's motion seeks an offset of $10,000.00 in EAJA fees (*see* ECF No. 32 at 2), which is the amount of Plaintiff's counsel's attorney fees awarded pursuant to EAJA excluding the $400.00 in costs also awarded by the Court. (*See* ECF No. 31.) "However, the entire amount awarded pursuant to EAJA including both attorney's fees and costs, is subject to offset under 42 U.S.C. § 406(b)." *Knowles v. Berryhill*, 2019 WL 142275, at *1 (E.D. Cal. Jan. 9, 2019); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the...EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (second alteration in original) ); 28 U.S.C. § 2412(d)(1)(A) (authorizing the award under EAJA of "fees **and other expenses, in addition to any costs** awarded pursuant to subsection (a), incurred by that party in any civil action...brought by or against the United States in any court having jurisdiction of that action[.]") (emphasis added); *see also, e.g.*, *Sullivan v. Comm'r of Soc. Sec.*, 2013 WL 3198764, at *1 (E.D. Cal. June 21, 2013) (offsetting the award of $42,000.00 in attorney fees under section 406(b) by $11,600 in "attorney fees and costs" awarded under EAJA).

1        3.   The Clerk of the Court is respectfully directed to serve a copy of this Order on

2    Plaintiff at the following address.

3                            James Bradley Kirtley

4                            542 N. Second Street
                        Porterville, CA 93257

5

6    IT IS SO ORDERED.

7    Dated:   **December 27, 2021**                    /s/ _Erica P. Grosjean_

8                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28